12887

PALMETTO MOTOR CAR CO. v. BROOKS

(152 S. E., 763)

138

*Messrs. Douglas & Douglas,* for appellant,

*Messrs. J. B. Murphy,* and *George H. Wittkowsky,* for respondent,

April 7, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The appeal in this case is from an order of his Honor, Judge J. K. Henry, refusing the motion of the defendant to set aside an order of arrest and judgment in the cause, commenced in the Court of Common Pleas for Fairfield County, June 5, 1929. The complaint contains two causes of action. In the first cause of action it is alleged, in substance, that the defendant on the 18th day of February, 1928, for value received, made and executed unto the plaintiff, a corporation existing under the laws of South Carolina, his conditional sales agreement, wherein and whereby the defendant agreed to pay to the plaintiff a certain sum

of money, the same being a portion of the purchase price "on one Hupmobile Sedan, Serial Number 171300," and pursuant to the terms of said agreement the said automobile was delivered to the defendant, upon condition that he would pay to the plaintiff the sum of $480, at the rate of $40 per month; that the papers so executed by the defendant in said transaction were subsequently discounted with the Commercial Credit Company, and the plaintiff guaranteed the payment of said indebtedness; that, by reason of the defendant's failure and refusal to make the payments provided for under the terms of said agreement, the plaintiff was forced to pay to the Commercial Credit Company the sum of $285 on defendant's said obligation; that demand has been made on the defendant for repayment of said sum of $285, which demand the defendant has failed and refused to comply with, and alleged that the plaintiff was entitled to recover against the defendant the said sum of $285, together with interest and attorney's fees. The second cause of action, in addition to alleging the material facts contained in the first cause of action, made the following allegation:

"2. That subsequent to the consummation of this transaction and after the defendant had fallen behind in his payments, as an inducement for this plaintiff to continue said payments due said Commercial Credit Company, this defendant gave this plaintiff an order on the Mechanics Construction Co., of Columbia S. C., for said company to pay this plaintiff the sum of Two Hundred and Eighty-five ($285-.00) Dollars, the amount due and owing, and that in said instrument of writing, it was warranted that the defendant had (was) due him approximately Eighteen Hundred ($1,800.00) Dollars.

"3. That this plaintiff duly presented the said order, but found that the warranties and representations made by the defendant were incorrect, and was informed by the said Mechanics Construction Company that defendant never did

have eighteen hundred due him and that the most he ever had was approximately Six Hundred ($600.00) Dollars, and that on account of adjustments between them, they were due the defendant nothing.

"4. That said warranties and representations, so made, were not based upon fact, and that this plaintiff was induced to pay out the sum of Two Hundred and Eighty-five ($285-.00) Dollars for this defendant upon a mis-statement of fact, all of which is in violation of Section 442, Vol. 2 (intended Vol. 1) Code of Laws, South Carolina, 1922, and that this plaintiff has an action against the defendant for arrest and bail, in the sum of Two Hundred and Eighty-five ($285.00) Dollars."

No answer, demurrer or notice of appearance was served by the defendant, and the matter came before his Honor, Judge Henry, for a hearing on motion of plaintiff's attorney. After consideration, Judge Henry issued the following order in the cause:

"This matter comes before me on motion of James B. Murphy, attorney for plaintiff.

"The record shows that the summons and complaint in this action were served personally on the defendant on June 5, 1929. The record further shows by affidavit of plaintiff's attorney that no answer, notice, demurrer or other pleadings have been filed in the case, and that the defendant, Ernest J. Brooks, is now in default. The verified complaint further states in the second cause of action, that the defendant obtained of the plaintiff the sum of Two Hundred and Eighty-five and No/100 ($285.00) Dollars, upon misrepresentation of fact, all of which is in violation of Section 422,[1] Code of Laws of South Carolina, Vol. 2 (meant for Vol. 1), and that he is amenable to the provisions of said section and arrest and bail.

---

[1] Evidently meant to be 442.

"It is, therefore, adjudged and decreed that the said defendant pay to the plaintiff the sum of Two Hundred and Eighty-five ($285.00) Dollars, together with interest thereon at the rate of seven per cent (7%) from the ...... day of ........ 1928, and such costs and attorneys fees as are provided for in and by said notes mentioned in said complaint. That upon the failure to pay said sum, together with interest, costs and attorneys fees, the defendant be duly arrested by the Sheriff of Fairfield County and incarcerated in the jail of said County until said payment be made or said defendant be discharged according to law."

It appears from the transcript of record that no undertaking or security on the part of the plaintiff was given before the order of arrest was made, and that no undertaking or security has since been made. It further appears from the transcript of record that the said order of arrest has not been served on the defendant. Upon due notice the defendant moved to set aside and vacate the order of arrest and judgment, upon the following grounds:

"1. That the complaint, upon which said order is based, shows upon its face that the sum of two hundred and eighty-five dollars alleged to have been paid by the plaintiff to Commercial Credit Company, was paid by it in accordance with an agreement between the plaintiff and said Commercial Credit Company.

"2. That the plaintiff has not made or given the undertaking required by law.

"3. That no provision is made in said order for bail for the defendant, and no specified sum is named or fixed therein.

"4. That the complaint, upon which said order is made, does not state facts upon which an order of arrest may be made, in that the facts stated in the complaint do not allege that the defendant was guilty of fraud in contracting the debt or incurring the obligation for which the action is brought.

"5. That the facts stated in the complaint do not constitute fraud.

"6. That the complaint upon which the order is based does not state facts sufficient to justify the granting of an order of arrest.

"7. That said order of arrest and for judgment were prematurely made."

This motion was heard by Judge Henry, at his chambers, on the 7th of August, 1929, and refused, and his Honor issued an order accordingly. From this order refusing the motion the defendant has appealed to this Court, upon exceptions which will be reported. Under our view of the case it is only necessary to consider one proposition raised by the exception; namely, that no fraud is shown or alleged in contracting the debt or incurring the obligation in question, and the allegations will not support an action for fraud or deceit.

It appears that the portion of the statute involved upon which the respondent relies to uphold the order of arrest is the third paragraph of Section 442 of the Code of Civil Procedure, 1922, which reads as follows:

"When the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought, or in concealing or disposing of the property for the taking, detention, or conversion of which the action is brought, or when the action is brought to recover damages for fraud or deceit."

The affidavit of the defendant used before the Circuit Judge at the hearing shows clearly that the defendant was acting in perfectly good faith when he gave to the plaintiff an order on the Mechanics' Construction Company for the said sum of $285, and we think should have had great weight in moving his Honor to vacate the order of arrest. But, whatever view may be taken of the defendant's affidavit, in our opinion the order of arrest was erroneously made. When the order of arrest was issued, the Court had nothing upon which to act except the allegations contained in

the verified complaint, and a reading of the same shows clearly that the same will not support an order of arrest. By reference to the allegations contained in plaintiff's complaint which we have quoted herein, it will be seen that the defendant is not charged with practicing any deceit or fraud in contracting the alleged debt or in executing and delivering the alleged conditional sale agreement. Respondent undertakes to uphold the order of arrest on the allegation contained in the second cause of action to the effect that the defendant subsequently misrepresented to the plaintiff that he had or was entitled to receive from the Mechanics' Construction Company a certain sum of money, and gave to the plaintiff an order on that company for the amount of $285, the balance owing by the defendant on the sales contract, and the plaintiff was thereby induced to accept the order on that company for said balance, $285, the plaintiff alleging that the order was of no benefit to the plaintiff, for the reason that it turned out that the plaintiff received nothing from the said Mechanics' Construction Company, it being alleged by the plaintiff "that this plaintiff duly presented the said order, but found that the warranties and representations made by the defendant were incorrect, and was informed by the said Mechanics Construction Company, that the defendant never did have eighteen hundred dollars due him and that the most he ever had was approximately six hundred ($600.00) and that on account of adjustments between them they were due the defendant nothing." Then the plaintiff further alleges "that the said warranties and representations, so made, were not based upon fact, and that this plaintiff was induced to pay out the sum of Two Hundred and Eighty-five ($285.00) Dollars for the defendant upon a misstatement of fact. * * * Appellant seems to overlook the fact, that when the assignment was made to the Commercial Credit Company, the plaintiff obligated by way of guaranty to pay to the Commercial Credit Company the amount involved in the assignment; that is, the Commercial

Credit Company could look to either the defendant or plaintiff or both for payment of the obligation. When the order on the Mechanics' Construction Company was not paid, the plaintiff was in no worse condition than it was before the order was accepted. In other words, the plaintiff had nothing to lose by accepting the order. The order simply gave to the plaintiff additional security for defendant's obligation. By the said sales agreement the defendant had given a mortgage over the automobile in question as security for the balance of the purchase price of the same, which automobile, it appears, the plaintiff seized before procuring the order of arrest. We cannot agree with the respondent that the allegations of the complaint are sufficient to support an action for deceit and fraud. Taking the allegations of the complaint as a whole in our opinion, the same are not sufficient to support the order of arrest, and we think that the motion to vacate and set aside the order of arrest should have been granted on this ground, independent of the other grounds upon which the motion was based. As stated at the outset, we deem it unnecessary to consider the other grounds relied on by the appellant.

It is the judgment of this Court that so much of the order of the Circuit Judge that relates to the money judgment be affirmed, but that the order of arrest be reversed, vacated, and set aside.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER concur.

MESSRS. JUSTICES COTHRAN and BLEASE concur in part.

MR. JUSTICE COTHRAN (concurring in result): This is an appeal from an order of his Honor, Judge Henry, refusing a motion by the defendant to vacate a previous order of the same Judge, awarding judgment in favor of the plaintiff against the defendant, and directing his arrest and imprisonment under the provisions of the arrest and bail statute. Code Civ. Proc., § 441 et seq.

It appears that the plaintiff brought an action against the defendant on June 5, 1929, to recover $285.00 balance due on a conditional sales agreement executed by the defendant upon the purchase of an automobile. The complaint contains two alleged causes of action; one for the balance of $285, as stated above, and the other upon certain grounds of misrepresentation and fraud, upon which the plaintiff claimed the benefit of the provisions of the arrest and bail statute. Under my view of the case I do not deem it necessary to enter upon the details of these allegations which appear fully set forth in the opinion of Mr. Justice Carter.

No steps were taken by the plaintiff to comply with said statute in the matter of affidavits, order for arrest, undertaking, or otherwise, and no arrest was attempted.

The defendant defaulted in answering the complaint, and on July 10, 1929, the plaintiff applied to his Honor, Judge Henry, at chambers, not only for a judgment upon the unanswered complaint, but for an order authorizing the arrest and incarceration of the defendant upon his failure to pay the judgment rendered for $285, with interest, costs, and attorney's fees. His Honor signed the following order:

"This matter comes before me on motion of James B. Murphy, attorney for plaintiff.

"The record shows that the summons and complaint in this action were served personally on the defendant on June 5, 1929. The record further shows by an affidavit of plaintiff's attorney that no answer, notice, demurrer or other pleadings have been filed in the case, and that the defendant, Ernest J. Brooks, is now in default. The verified complaint further states in the second cause of action, that the defendant obtained of the plaintiff the sum of Two Hundred and Eighty-five and No/100 ($285.00) Dollars, upon misrepresentation of, fact, all of which is in violation of Section 422, Code of Laws of South Carolina, Vol. 2, and that he is amenable to the provisions of said section in arrest and bail.

"It is, therefore, adjudged and decreed that the defendant pay to the plaintiff the sum of Two Hundred Eighty-five ($285.00) Dollars together with interest thereon at the rate of seven per cent (7%) from the ...... day of ......, 1928, and such costs and attorneys fees as are provided. for in and by said notes mentioned in said complaint. That upon the failure to pay said sum, together with interest, costs and attorneys fee, the defendant be duly arrested by the Sheriff of Fairfield County and incarcerated in the jail of said County until said payment be made or said defendant be discharged according to law."

At some time, not stated in the record, between July 10, 1929, the date of the above order, and August 7, 1929, the defendant gave notice of a motion to vacate said order upon the following grounds:

"1. That the complaint, upon which said order is based shows upon its face that the sum of two hundred eighty-five dollars alleged to have been paid by the plaintiff to Commercial Credit Company, was paid by it in accordance with an agreement between the plaintiff and said Commercial Credit Company.

"2. That the plaintiff has not made or given the undertaking required by law.

"3. That no provision is made in said order for bail for the defendant and no specified sum is named or fixed therein.

"4. That the complaint, upon which said order is made, does not state facts upon which an order of arrest may be made, in that the facts stated in the complaint do not allege that the defendant was guilty of fraud in contracting the debt or incurring the obligation for which the action is brought.

"5. That the facts stated in the complaint do not constitute a fraud.

"6. That the complaint upon which the order is based does not state facts sufficient to justify the granting of the order of arrest.

"7. That said order of arrest and for judgment were prematurely made."

On August 7th the motion was heard by his Honor, Judge Henry, and in a formal order refused. From it the defendant has appealed.

I have not considered the matter discussed in the opinion of Mr. Justice Carter, whether the second cause of action states a valid ground of misrepresentation and fraud such as would justify proceedings under the arrest and bail statute, for the reason that, in my opinion, Judge Henry was without jurisdiction to pass so much of the order as directed the arrest and imprisonment of the defendant, in the absence of the affidavit required by Section 444 and of the undertaking required by Section 445.

It is questionable whether the defendant, having made default in answering the complaint, is entitled to present the motion to vacate the order of arrest; but, as the objection to the jurisdiction discussed could be urged upon habeas corpus, it seems unnecessary to impose recourse to that proceeding upon the defendant.

I see no objection to allowing the money judgment to stand, and think that the order appealed from should be reversed only so far as it directs the arrest and imprisonment of the defendant.

Mr. Justice Blease concurs.